# EXHIBIT C

# 2ND ORIGINAL

**FILED**

**IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA**

MAR 2 1 2012

CLERK OF SUPERIOR COURT
BARTOW CO., GA.

SHANNON HENRICI,                     )
                                     )
        Plaintiff,                   )          CIVIL ACTION FILE NO.
                                     )          _12-CV-778_
v.                                   )
                                     )          JURY TRIAL DEMANDED
MYBABYCLOTHES.COM, LLC,              )
                                     )
        Defendant.                   )

## COMPLAINT

COMES NOW Plaintiff Shannon Henrici and files this her Complaint against MyBabyClothes.com, LLC (hereinafter "MyBabyClothes.com"), showing this honorable Court as follows:

### INTRODUCTION

1.

This case arises out of Defendant MyBabyClothes.com's unlawful mischaracterization of Plaintiff Henrici as exempt from overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant MyBabyClothes.com wrongfully and willfully misclassified Plaintiff Henrici as exempt from overtime under the FLSA and refuses to compensate her for hours over 40 worked in any given week, much less provide the legally required time and a half overtime pay.

2.

Defendant MyBabyClothes.com willfully committed repeated violations of the FLSA by misclassifying Plaintiff Henrici, likely along with other similarly situated employees, as salaried

- 1 -

exempt employees regardless of her actual duties and responsibilities.  In actuality, Plaintiff Henrici is not exempt from the wage and hour laws mandated by the FLSA.

3.

Defendant is liable for failing to pay Plaintiff for all hours worked in excess of 40 hours per week at a rate of one and a half times her regular rate of pay.

4.

Plaintiff Henrici seeks unpaid compensation, an equal amount of liquidated damages, and pre-judgment interest, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

JURISDICTION, PARTIES, AND VENUE

5.

Pursuant to 29 U.S.C. § 216, an action to recover the liability prescribed by the FLSA may be maintained against an employer in any Federal or State court of competent jurisdiction.

6.

Plaintiff Shannon Henrici is an adult resident of the State of Georgia and a former employee of Defendant MyBabyClothes.com.

7.

Defendant MyBabyClothes.com, LLC is a Georgia corporation duly registered with the Georgia Secretary of State with a principal office address in Cartersville, Georgia, and may be served with summons and process through its registered agent:  Greg Sanders, 541 Old Allatoona Road, Cartersville, Bartow County, Georgia 30121.

8.

Venue is proper in this Court because Defendant resides in the State of Georgia and within Bartow County, and a substantial part of the events and omissions giving rise to this Complaint occurred within this forum.

## FACTUAL BACKGROUND

9.

Defendant MyBabyClothes.com operates a website that sells infant clothing, accessories, and related products (most produced overseas) to online customers throughout the United States.

10.

During February 2010 until April 2011, Plaintiff Henrici was a former "Marketing Manager" for Defendant MyBabyClothes.com, a title chosen for and assigned to her by Greg Sanders, the owner and Member Manager of Defendant MyBabyClothes.com.

11.

In her role as "Marketing Manager," Plaintiff Henrici regularly made business telephone calls to and corresponded via electronic mail with persons located in other states, regularly handled records of interstate transactions, travelled to other states on behalf of Defendant, and regularly transacted interstate business via the Internet.

12.

On behalf of Defendant MyBabyClothes.com, Plaintiff Henrici did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

- 3 -

13.

On behalf of Defendant MyBabyClothes.com, Plaintiff Henrici did not have the authority to hire or fire any other employee.

14.

On behalf of Defendant MyBabyClothes.com, Plaintiff Henrici's primary job duties did not include the management of Defendant's enterprise or a customarily recognized department.

15.

On behalf of Defendant MyBabyClothes.com, Plaintiff Henrici's primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance; in fact, Plaintiff was allowed no meaningful independent judgment by Defendant, who absolutely required prior approval for all business decisions, including rates of pay for third party services, recommended sales, promotional materials, etc.

16.

On behalf of Defendant MyBabyClothes.com, Plaintiff Henrici's primary job duties did not include the performance of work requiring advanced technical knowledge, defined as work which is predominately intellectual in character, requiring a specialized professional degree, and which includes work requiring the consistent exercise of discretion and judgment.

17.

Defendant MyBabyClothes.com regularly suffered or permitted Plaintiff Henrici to work in excess of 40 hours per work week and indeed required her to do so, including working during

- 4 -

holidays, weekends, and even while Plaintiff Henrici was otherwise meant to be caring for her young daughter with special needs.

### 18.

Defendant MyBabyClothes.com willfully failed and refused to pay Plaintiff Henrici one and one half times her regular rate for hours worked in excess of 40 hours per work week, in violation of the FLSA and in spite of the direct advice of the Georgia Department of Labor and demand letters from the undersigned counsel dated October 18, 2011 and December 13, 2011.

### 19.

Defendant MyBabyClothes.com willfully misclassified Plaintiff Henrici as being exempt from overtime in violation of the FLSA and, via Greg Sanders, repeatedly attempted to mischaracterize the applicable law to Plaintiff Henrici.

### 20.

In total, Plaintiff Henrici worked approximately 875.5 hours on behalf of Defendant MyBabyClothes.com in excess of 40 per week, and for which she seeks unpaid compensation, an equal amount of liquidated damages, and pre-judgment interest, attorney's fees, and costs pursuant to the FLSA.

## CLAIMS / CAUSE OF ACTION

### Willful Failure and Refusal to Pay Overtime in Violation of the FLSA

### 21.

Plaintiff Henrici realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

- 5 -

22.

Defendant MyBabyClothes.com required Plaintiff Henrici to work in excess of 40 hours per work week without overtime compensation in violation of the FLSA.

23.

Defendant MyBabyClothes.com willfully failed and refused to pay Plaintiff Henrici one and one half times her regular rate for hours that she worked in excess of 40 hours per work week in violation of the FLSA.

24.

Defendant MyBabyClothes.com willfully misclassified Plaintiff Henrici as being exempt from overtime compensation in violation of the FLSA.

25.

As a result of Defendant MyBabyClothes.com's willful violations of the FLSA, Plaintiff Henrici suffered damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Henrici prays for the following relief:

(a)    That the Court find that Defendant regularly suffered or permitted Plaintiff to work in excess of 40 hours per workweek in violation of the FLSA;

(b)    That the Court find that Defendant willfully failed and refused to pay Plaintiff one and one half times her regular rate for hours she worked in excess of 40 hours per workweek in violation of the FLSA;

(c)    That the Court find that Defendant willfully misclassified Plaintiff as being exempt from overtime in violation of the FLSA;

- 6 -

(d)     That the Court award Plaintiff all of her unpaid overtime pursuant to the FLSA;

(e)     That the Court award Plaintiff liquidated damages in an amount equal to the amount of her unpaid overtime pursuant to the FLSA;

(f)     That the Court order Defendant to cease and desist violating the FLSA as alleged in this Complaint, and to comply with the FLSA;

(g)     That the Court award Plaintiff her attorney's fees and costs pursuant to the FLSA and/or other applicable law;

(h)     That the Court award Plaintiff such other and further relief as the Court deems just, proper or appropriate.

### *JURY TRIAL DEMANDED*

Plaintiff demand a jury by jury on all issues.

Lamar K. Mitchell
Georgia Bar No. 136806

COUNSEL FOR PLAINTIFF

**LAMAR K. MITCHELL, LLC**

High House Law Building

309 Sycamore Street

Decatur, Georgia 30030

TEL:    (404) 373-4562

FAX:    (678) 669-2373

CELL: (404) 788-1038

- 7 -